United States District Court
Southern District of Texas
**ENTERED**
November 18, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES JORDAN, a/k/a CHARLES ARTHUR THOMAS JORDAN, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. H-22-1402 |
| HARRIS COUNTY COURT, *et al.*, | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff is a Bastrop County pretrial detainee awaiting trial on charges for assaulting a police officer. He filed a second amended *pro se* civil complaint under 42 U.S.C. § 1983 against various named and unnamed defendants. (Docket Entry No. 16.) As judicial relief, he requests "punitive, compensative, and exculpatory damages."[1] *Id.*, p. 5. He seeks leave to proceed *in forma pauperis*. Although plaintiff is a "three strikes" litigant under 28 U.S.C. § 1915(g), he incurred his third strike after filing the instant lawsuit.

Having screened the second amended complaint as required by 28 U.S.C. § 1915(e), the Court **DISMISSES** this lawsuit for the reasons shown below.

## I. LEGAL STANDARDS

---

[1]The Court construes "compensative" damages as meaning compensatory damages, but is unfamiliar with the term, "exculpatory damages."

When a prisoner seeks to proceed *in forma pauperis*, the Court must evaluate the complaint and dismiss it without service of process if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

To determine whether a complaint fails to state a claim under section 1915(e), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must

show specific, well-pleaded facts, not conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Conclusory assertions are not accepted as true.

A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. When a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.*; *Iqbal*, 556 U.S. at 678.

When reviewing a *pro se* plaintiff's complaint, the courts must construe the factual allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, NA.*, 808 F.2d 358, 359 (5th Cir. 1986). Even under the liberal standards afforded by *Haines*, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief. *Id.*

Plaintiff's second amended complaint, as were his original and amended complaints, is difficult to follow, and asserts various unrelated and conclusory claims against multiple named and unnamed defendants. The Court has made every reasonable effort to understand

3

and liberally construe the pleadings. However, having provided plaintiff three opportunities to plead viable claims against the defendants through an original, amended, and second amended complaint, the Court finds that no viable claims have been raised. The Court is of the opinion that plaintiff has pleaded his best case, and that further leave to amend would be futile. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). Consequently, plaintiff's claims will be dismissed with prejudice.[2]

## II. ANALYSIS

Plaintiff brings this action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam). To state a valid claim under section 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States, and demonstrate that the alleged deprivation was committed by a state actor – a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by a plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a viable claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

---

[2]The Court acknowledges that plaintiff's parties and claims have been improperly joined under FRCP 18 and 20, and are subject to dismissal under FRCP 21. However, because the claims are frivolous and/or fail to state a viable claim for relief under section 1983 and state law, they will be dismissed pursuant to section 1915(e).

Plaintiff's claims appear to fall into three overlapping categories: racial/political discrimination, religious discrimination, and mental health discrimination.  His overarching claim is that all of his interactions with defendant law enforcement officials, mental health officials, and prosecutory officials have been the result of discrimination against him because of his race (white) and political views (Republican and Confederate).

A.    State Actors

Plaintiff asserts that an unidentified person at an undisclosed location on an undisclosed date called 911 after hearing plaintiff's political views.  He argues that this "cop caller" violated his constitutional right to freedom of speech, "the Texas Partisapation [*sic*] Act," and the Interstate Commerce Clause.  Plaintiff pleads no factual allegations sufficient to support a claim for violation of his rights under any of these provisions.  Moreover, absent any factual allegations showing that the "cop caller" was a state actor and not a private citizen, plaintiff fails to state a viable claim under section 1983.  Plaintiff's claims against the "cop caller" are **DISMISSED WITH PREJUDICE** for failure to state a viable claim for relief under section 1983 or state law.

Plaintiff further complains that his unnamed court-appointed attorney in an unidentified court proceeding never questioned him about his aggravated assault case.  This allegation fails to raise an issue of constitutional dimension under section 1983 or state law.  Moreover, attorneys serving as defense counsel, even if appointed by the court, are not state actors and cannot be sued under section 1983.  *Polk County v. Dodson*, 454 U.S. 312, 318, 324–25 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

Plaintiff's claim against his defense counsel is **DISMISSED WITH PREJUDICE** for failure to state a viable claim for relief under section 1983 or state law.

Plaintiff also appears to bring section 1983 claims against President Joe Biden for "voter fraud in Atlanta" at an undisclosed time "via voting machines & HAVA of ties to China by voting machine company in GA." (Docket Entry No. 16, pp. 3–4.) He pleads no supporting factual allegations. President Biden is a federal actor, not a state actor. Federal actors can have limited liability under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), but they cannot be sued under section 1983. Even so, plaintiff's conclusory claims are unsupported by any factual allegations sufficient to raise a viable *Bivens* claim for violation of plaintiff's constitutional or other federal rights, and his claims against President Joe Biden are **DISMISSED WITH PREJUDICE**.

### B.   Claims for Racial/Political/Religious Discrimination

Plaintiff claims that his Harris County arrest, detention, prosecution, and/or conviction were motivated by racial and political discrimination by "Harris County Sherriff [*sic*] Ed Gonzales 2022 Democrat." (Docket Entry No. 16, p. 1.) Plaintiff alleges that he was a "White man" arrested by "latino and other Black" police officers and denied an examining trial due to "the Sheriff's policy of discriminating on Whites, Republicans, and Confederates."[3] (Docket Entry No.16, p. 1.)   Plaintiff's conclusory assertions are

---

[3]Plaintiff raised similar political discrimination claims in a *pro se* civil lawsuit contemporaneously filed in *Jordan v. Democrats of Dalton*, C.A. No. 22-CV-03278-JPB (N.D. Ga. Sept. 16, 2022). The court in that case dismissed the claims as frivolous, finding that "The notion that Plaintiff is being falsely imprisoned in a Texas jail by groups of Democrats in Georgia and elsewhere is wildly implausible, and nothing in Plaintiff's complaint has an arguable basis in either

insufficient to raise a viable claim for unlawful discrimination or show the existence of an unlawful discriminatory policy under section 1983. Moreover, his claim that Republican votes were suppressed through interstate commerce violations is wholly conclusory and unsupported by any factual allegations sufficient to raise a viable claim under section 1983. Plaintiff's claims for racial and political discrimination and/or suppression of Republican votes are **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief.

Plaintiff further alleges that "Harris County DA Kim Ogg Democrat" discriminated against him as a homeless white man at an undisclosed time, and that his criminal prosecution was racially and politically motivated because he and his defense attorney were not present at grand jury proceedings. (Docket Entry No. 16, p. 2.) No supporting factual allegations as to unlawful discrimination are pleaded. Moreover, plaintiff and his defense counsel had no constitutional or statutory right to be present during grand jury proceedings. TEX. CODE CRIM. PROC. ART. 20A.102. Plaintiff's claims are wholly conclusory and unsupported by factual allegations sufficient to raise a viable claim under section 1983. Plaintiff's claims against Harris County District Attorney Kim Ogg are **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief under section 1983 or state law.

Plaintiff also alleges that Sylvester Turner "violated interstate commerce" at an undisclosed time. It is unclear whether this is related to a claim for racial discrimination or political discrimination. Plaintiff pleads no factual allegations supporting his claim that

---

law or fact."

Turner violated interstate commerce, nor does he show that any such violation impinged on his constitutional or other federal rights. Plaintiff's conclusory assertion is insufficient to raise a viable claim for relief under section 1983, and his claim against Sylvester Turner is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

Plaintiff twice states in his second amended complaint that his arrest was the result of religious discrimination, and that police officers stole or abandoned his "religious rose quartz crystal" in violation of the Fourth Amendment and the Interstate Commerce Clause. (Docket Entry No. 16, pp. 2, 4.) He pleads no factual allegations supporting his conclusory assertion of religious discrimination, a Fourth Amendment violation, or an Interstate Commerce Clause violation, and no viable claim is raised under section 1983. To the extent plaintiff is complaining of a loss of personal property by police officers, no issue of a federal constitutional dimension is raised. Plaintiff's property claim is barred by the *Parratt/Hudson* doctrine, which requires him to pursue his loss in the state courts through the tort of conversion. *See Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (holding that the random, unauthorized, and even negligent deprivation of a property or liberty interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541–44 (1981). The state law tort of conversion is generally recognized as an adequate post-deprivation remedy. *Murphy Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994). Plaintiff's claims for religious discrimination and property loss are **DISMISSED WITH PREJUDICE** for failure to state a claim under section 1983.

Plaintiff asks as additional judicial relief that the Court prohibit his transfer to the Texas Department of Criminal Justice "because of [*sic*] my religious long hair will be cut or I will fight the guards or be taken to solitary." (Docket Entry No. 1, p. 5.)  At this juncture, it is unknown whether plaintiff will be sentenced to prison in his pending Bastrop County criminal proceedings, and the Court has no authorization or jurisdiction to grant speculative relief or enter an advisory ruling as to potential future events.  Regardless, no judicial relief is warranted, as the Court is dismissing plaintiff's claims for relief.

C.    Mental Health Discrimination

Plaintiff alleges that at an undisclosed point in time, Harris County Jail physician "Miss Wilson" prevented him from voting for Trump via mail in Colorado because she gave him medication which left him unable to think clearly to assert his right to vote.  (Docket Entry No. 18, p. 1.)  Plaintiff's claim is unsupported by factual allegations sufficient to raise an issue of constitutional dimension.  Plaintiff's claim against Miss Wilson is **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief under section 1983.

Plaintiff further asserts that the Harris County Sheriff's Office and officers discriminated against him as a mental health inmate because "the attorney visit phone" was broken.  Plaintiff claims that he was forced to communicate with counsel through letters, jail visits, and court hearings.  No supporting factual allegations as to discrimination are pleaded, and his allegations show that he was not denied access to counsel or the courts.  Plaintiff's claims are wholly conclusory and unsupported by factual allegations sufficient to raise a viable claim under section 1983.  Plaintiff's claims as to mental health discrimination based

9

on a broken telephone are **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief under section 1983.

Plaintiff also alleges that, at an undisclosed time and location, an unnamed "Black Dr. & black behavior tech" put him in a safety cell for singing due to plaintiff's political views. It is unclear whether plaintiff alleges this action as political discrimination or mental health discrimination. In either event, his claims are wholly conclusory and unsupported by factual allegations sufficient to raise a viable claim under section 1983. Plaintiff's claims against the unnamed "Black Dr. & black behavior tech" are **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief under section 1983.

Plaintiff argues that he should not be detained in "mental health rehab" because "I am sane and have a right not to live with crazy people." (Docket Entry No. 16, p. 5.) He argues that he was placed in mental health housing due to the Harris County Sheriff's policy of discriminating against white defendants holding Republican and Confederate political views. That is, plaintiff asserts that the only reason he was placed in mental health housing was because of his white race and political views.[4] Plaintiff does not state when and where this incident took place, nor does he support his conclusory claim of discrimination with factual allegations sufficient to raise a viable claim under section 1983. No viable claim for relief under section 1983 is raised, and the claim is **DISMISSED WITH PREJUDICE**.

_____

[4]Although plaintiff denies having mental health issues, he alleged in a *pro se* civil lawsuit contemporaneously filed in the United States District Court for the Northern District of Georgia that "I am schizophrenic & get court ordered medication." *Jordan v. Georgia*, C.A. No. 22-cv-00069-HLM (N.D. Ga. Apr. 26, 2022) (dismissed as frivolous and for failure to state a claim).

D.      Claims Barred by *Heck*

Plaintiff fares no better in seeking monetary compensation for his Harris County arrest, detention, prosecution, and/or conviction. He claims that ten unnamed Houston police officers arrested him at Whole Foods on an undisclosed date solely due to his white race, and that they violated interstate commerce by suppressing Republican votes. According to plaintiff, the officers violated "Terry v. Ohio."[5] He further claims that Harris County Sheriff Ed Gonzales and five unnamed "booking" deputies prevented him from giving evidence at a pretrial examining trial due to a policy of discriminating against white defendants. In short, plaintiff contends that he was arrested, detained, and charged with a criminal offense solely due to racial discrimination against white defendants and in violation of his constitutional rights.

Because a judgment in plaintiff's favor as to these claims would call into question the validity of his arrest, detention, prosecution, and/or conviction, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *See Richards v. Hearn*, No. 21-20358, 2022 WL 996416, at *1 (5th Cir. Apr. 4, 2022) ("[B]ecause Richards's claims [c]all into question the validity of his state conviction, and because he has not established that this conviction has already been reversed, expunged, or otherwise declared invalid, he may not obtain monetary damages."). Plaintiff does not state that the Harris County criminal proceedings were

---

[5]The Court presumes plaintiff is referring to *Terry v. Ohio*, 392 U.S. 1 (1968), regarding a police officer's right to temporarily stop and frisk an individual for weapons under certain circumstances.

11

terminated in his favor – that is, reversed on direct appeal, expunged by executive process, set aside by a state court of competent jurisdiction, or set aside by a federal habeas court. *See Wilson v. Midland County, Texas*, 116 F.4th 384, 390 (5th Cir. Sept. 13, 2024). Consequently, his claims seeking monetary damages for an allegedly unlawful arrest, detention, prosecution, and/or conviction do not raise colorable claims for which relief can be granted under section 1983.[6]

Plaintiff's civil claims challenging the validity of his arrest, detention, prosecution, and/or conviction are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

### III.   CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a viable claim for relief under section 1983 or state law.  Any and all pending motions are **DENIED AS MOOT**.

The dismissal of plaintiff's claims **CONSTITUTES A STRIKE** for purposes of 28 U.S.C. § 1915(g), and stands as plaintiff's ninth strike under that provision.  *See Jordan v. Georgia*, C.A. No. 22-cv-00069-HLM (N.D. Ga. Apr. 26, 2022) (dismissed as frivolous and

---

[6]Plaintiff provides no information as to the arrest, detention, and/or conviction at issue, and the Court is unable to take judicial notice of any applicable public state court records that might be available online.

for failure to state a claim); *Jordan v. North Dakota*, C.A. No. 17-cv-00169-CSM (D. N.D.
Oct. 10, 2017) (dismissed as frivolous and for failure to state a claim); *Jordan v. Bastrop
County District Attorney*, C.A. No. A-22-CV-248-LY (W.D. Tex. Apr. 29, 2022) (dismissed
as malicious); *Jordan v. University of Texas at Austin*, C.A. No. 22-cv-00243-LY (W.D. Tex.
June 27, 2022) (dismissed for failure to state a claim); *Jordan v. Democrats of Dalton*, C.A.
No. 22-CV-03278-JPB (N.D. Ga. Sept. 16, 2022) (judgment dismissing case a frivolous);
*Jordan v. Bastrop County District Attorney*, C.A. No. A-21-CV-1135-LY (W.D. Tex. Oct.
7, 2022) (claims dismissed as frivolous and for failure to state a claim; final judgment entered
September 3, 2024); *Jordan v. City of Ashville*, C.A. No. 1:22-cv-00062-MR (W.D. N.C.
May 11, 2022) (dismissed for failure to state a claim); *Jordan v. Equifax*, C.A. No.
1:22-CV-03277-JPB (N.D. Ga. Jan. 3, 2023) (dismissed as malicious and for false
disclosures to court).

Pursuant to the provisions of section 1915(g), plaintiff is **BARRED** from proceeding
*in forma pauperis* in any future federal district court case or appeal, including any appeal
from the dismissal in the instant case, unless he is under imminent danger of serious physical
injury at the time of filing. 28 U.S.C. § 1915(g). Plaintiff pleaded no allegations of imminent
danger of serious physical injury at the time he filed the instant lawsuit.

Signed at Houston, Texas, on this the ___12___ day of ~~October~~ *November*, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

13